MARTHA G. PRICE AND LEWIS E. GRAHAM, II, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

TSA/THE STANFORD ASSOCIATES, INC., PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket Nos. 22112–91, 4825–92.          Filed April 21, 1994.

*George Mac Vogelei*, for petitioners.
*Elizabeth L. Groenewegen*, for respondent.

OPINION

TANNENWALD, *Judge*: These cases are before the Court on petitioners' motions for award of reasonable litigation costs pursuant to section 7430 and Rules 230 through 232.[1]

Respondent determined deficiencies of $33,140 for the taxable year 1986 against petitioners Price and Graham in docket No. 22112–91 on July 3, 1991, and of $86,849 for the taxable year ending June 30, 1987, against petitioner TSA/ The Stanford Associates, Inc., in docket No. 4825–92 on December 4, 1991. The cases were consolidated and were scheduled for trial on June 24, 1993. Prior to that time, issues other than those involving the issues related to certain retirement plans were disposed of by agreement. When the case was called for trial, the parties reported that the entire case had been settled. The stipulation of settlement by the parties in docket No. 22112–91 reflects a deficiency of $7,033 and, in docket No. 4825–92, a deficiency of $1,403.

In order to be awarded litigation costs, a petitioner must show that: (1) It exhausted all administrative remedies, (2) it met the net worth requirement of section 7430(c)(4)(A)(iii), (3) it has substantially prevailed with respect to the amount in controversy or most significant issues, and (4) the position of respondent was "not substantially justified". Sec. 7430.

Respondent concedes that petitioners satisfy conditions (1) through (3), leaving for decision the issue of substantial justification for respondent's position;[2] i.e., whether it had a reasonable basis in both law and fact. *Estate of Wall v.*

---

[1] All statutory references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent has included, in her objections to petitioners' motions, the simple assertion that petitioners unreasonably protracted the proceedings for which the litigation costs are sought, see sec. 7430(b)(4), but has not set forth any basis for such claim. We, therefore, consider it abandoned.

*Commissioner*, 102 T.C. 391, 393 (1994). The determination of the reasonableness of respondent's position is based on all the facts and circumstances. See *Don Casey Co. v. Commissioner*, 87 T.C. 847, 858 (1986). If that question is resolved in favor of petitioners, there is a further question as to the amount of the litigation costs and their allocation between petitioners.

As far as we can determine, the dispute as to the qualification of the retirement plans turned on several elements: (1) The reasonableness of the actuarial assumptions, (2) the effect of a retroactive plan amendment, and (3) the proper year for deducting the contributions. We have not been furnished with any elaboration of the reasons upon which the positions of the parties on these elements are founded, so that a thorough evaluation of the substantive merits of respondent's position is not possible on the record before us. In so stating, we are not suggesting that a full-blown trial of a conceded significant issue is necessary in order to determine respondent's responsibility for litigation costs under section 7430. However, it is clear that the information presented to us, particularly in respect of respondent's position on the retroactive amendment issue, falls far short of the minimum required to enable us to make such an evaluation.

In any event, we need not concern ourselves with the foregoing considerations because the parties have focused their arguments on whether respondent's position on the element of the reasonableness of the actuarial assumptions "was not substantially justified" should be controlled by decisions in four cases involving the same element. *Wachtell, Lipton, Rosen & Katz v. Commissioner*, T.C. Memo. 1992–392 (July 14, 1992), on appeal (2d Cir., May 12, 1993); *Vinson & Elkins v. Commissioner*, 99 T.C. 9 (July 14, 1992), appealed on Dec. 12, 1992, and affd. 7 F.3d 1235 (5th Cir., Nov. 29, 1993); *Citrus Valley Estates, Inc. v. Commissioner*, 99 T.C. 379 (Sept. 29, 1992), on appeal (9th Cir., May 19, 1993); *Rhoades, McKee, & Boer v. United States*, 822 F. Supp. 445 (W.D. Mich., May 24, 1993). We likewise focus on the impact of these decisions, as well as the decision in *Jerome Mirza & Associates, Ltd. v. United States*, 882 F.2d 229 (7th Cir. 1989).

Initially, we observe that a concession by respondent on a significant issue does not automatically entitle a taxpayer to

recover litigation costs. *Powers v. Commissioner*, 100 T.C. 457, 471 (1993); see also *Harrison v. Commissioner*, 854 F.2d 263, 265 (7th Cir. 1988), affg. T.C. Memo. 1987–52. The same is true when respondent's position is rejected after trial. *Gantner v. Commissioner*, 92 T.C. 192, 198 (1989), affd. 905 F.2d 241 (8th Cir. 1990). The determination of the reasonableness of respondent's position is based on all the facts and circumstances. See *Don Casey Co. v. Commissioner*, 87 T.C. 847, 858 (1986).

We are satisfied that, at least until our dispositions in *Vinson & Elkins v. Commissioner, supra*, and *Wachtell, Lipton, Rosen & Katz v. Commissioner, supra*, on July 14, 1992, in which we dealt for the first time with the issue of the reasonableness of actuarial estimates, respondent's position was substantially justified. *Stieha v. Commissioner*, 89 T.C. 784, 790–791 (1987). Furthermore, the Government's position in respect of such estimates had been upheld in *Jerome Mirza & Associates, Ltd. v. United States, supra*.[3]

Between July 14, 1992, and June 24, 1993, a different situation existed. Respondent had suffered defeat in this Court in three cases, all of which were pending on appeal on the latter date when respondent conceded the retirement plan issue herein. See *supra* p. 661. A fourth case, *Rhoades, McKee, & Boer v. Commissioner, supra*, was decided against the Government by the trial court just 1 month prior to the date of respondent's concession, which in turn occurred 1 month prior to the expiration of the time within which to appeal.

The lack of finality in respect of the four cases which the Government had lost at the trial level significantly inhibits a conclusion that respondent's position herein was unreasonable. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991).[4] Beyond these losses, and in our opinion more importantly, an appellate court had ruled in favor of the Government on the actuarial estimates issue. *Jerome Mirza & Associates, Ltd. v. United States, supra*. Thus, at best, the law was unclear, an element which favors respondent on the

---

[3] We noted in *Stieha v. Commissioner*, 89 T.C. 784, 790–791 (1987), that no other court had previously spoken on the issue involved there.

[4] In this connection, we note that *Stieha v. Commissioner*, 89 T.C. 784, 790–791 (1987), upon which petitioners rely, rested on our interlocutory opinion in *Sparks v. Commissioner*, 87 T.C. 1279 (1986), which was not an appealable disposition. Thereafter, *Sparks* was settled.

question of reasonableness. See *Hubbard v. Commissioner*, 89 T.C. 792, 804 (1987).

Petitioners seek to avoid the impact of the foregoing considerations by arguing that the trial courts' decisions on the reasonableness of actuarial estimates involved a factual issue and that respondent should have realized these decisions would be affirmed on appeal, citing in support of their position as to factual characterization the very case, *Jerome Mirza & Associates, Ltd. v. United States, supra,* in which the Government obtained a favorable affirmance of its position. Aside from the fact that we do not share petitioners' assertion of clairvoyance on respondent's part, we think the factual nature of the issue affords some leeway to respondent, particularly in determining whether actuarial estimates are reasonable, an area replete with underlying factual considerations. Beyond the "fact" element, however, is the further "law" element, namely, the proper legal standards to be used in evaluating such estimates. Indeed, this latter element was the key to respondent's appeal in *Vinson & Elkins v. Commissioner, supra,* and the heart of the opinion of the Court of Appeals for the Fifth Circuit.

Under the foregoing circumstances, we think it clear that had respondent decided to continue litigating the instant cases to an unsuccessful conclusion on the substantive issue, she would have been justified in so doing at least so long as there was no further definitive action on that issue at the appellate level. To conclude otherwise would unduly restrict the Government's right to pursue an issue in more than one Court of Appeals in order to crystallize judicial thinking at the appellate level, including the creation of an appropriate vehicle for action by the Supreme Court; i.e., a conflict among the circuits. The preservation of such right accords with the legislative intention articulated at the time section 7430 was enacted. See H. Rept. 97–404, at 12 (1981) ("Generally, the pursuit of litigation by the government to establish a conflict among the United States Circuit Courts of Appeals would not be unreasonable.").

Our analysis is not impaired by the fact that respondent saw fit to concede the actuarial estimates issue in the face of an appellate decision in her favor and the pendency of appeals in the cases she had lost at the trial level. But, as we have pointed out, see *supra* p. 662–663, a concession by

respondent is not to be equated with an unreasonable position. By the same token, a concession is not a ticket to a judicial holding that respondent's position is reasonable. Indeed, such a standard will encourage the Government to minimize its responsibility for litigation costs at the earliest possible time; i.e., promptly when it is clear that its position on the significant issue is unreasonable. See *Hanson v. Commissioner*, 975 F.2d 1150, 1156–1157 (5th Cir. 1992). The obverse side of this coin is that the award of litigation costs on account of a concession, where respondent's position is otherwise reasonable up to that time, would discourage concessions or settlements and encourage the prolonging of litigation, an obviously undesirable result. See *Pierce v. Underwood*, 487 U.S. 552, 568 (1988); *Smith v. United States*, 735 F. Supp. 1396, 1401 (C.D. Ill. 1990), revd. on other grounds 964 F.2d 630 (7th Cir. 1992). In short, just as a concession does not make an otherwise unreasonable position reasonable, see *Hanson v. Commissioner, supra*, so does it not make an otherwise reasonable position unreasonable.

Petitioners further assert that respondent delayed her concession herein to harass them and cause them to incur unnecessary expense for experts etc., a consideration which the legislative history of section 7430 indicates should be taken into account. *Rutana v. Commissioner*, 88 T.C. 1329, 1333 (1987); H. Rept. 97–404, *supra*. We reject this assertion because, aside from the reasons previously articulated herein as to the reasonableness of respondent's position, there is absolutely no evidence of record of any such purpose of harassment.

We hold that, under the circumstances herein, petitioners are not entitled to recover litigation costs under section 7430. In this connection, we note that the District Court has reached the same conclusion in *Rhoades, McKee, & Boer v. United States*, 822 F. Supp. 445 (W.D. Mich. 1993), a case in which the Government lost on the issue of reasonableness of actuarial estimates. We emphasize that our holding is based on the particular circumstances herein and leave to another day the question of how we would view a situation where there was only a final decision of a Court of Appeals adverse to the Government, or where there was a conflict among the circuits, not including, of course, a decision by a Court of Appeals of the circuit to which an appeal would lie—a situa-

tion which does not exist herein. Cf. *Sharp v. United States*, 20 F.3d 1153 (Fed. Cir., 1994); *Thompson v. Sullivan*, 980 F.2d 280 (4th Cir. 1992); *Hanson v. Commissioner, supra*; *Estate of Perry v. Commissioner*, 931 F.2d 1044 (5th Cir. 1991); *Keasler v. United States*, 766 F.2d 1227 (8th Cir. 1985); *Moore Charitable Trust v. United States*, 73 AFTR 2d 1746, 94–1 USTC par. 50,136 (C.D. Ill., 1994); see *Pierce v. Underwood*, 487 U.S. at 561; see also *Golsen v. Commissioner*, 54 T.C. 742, 756–758 (1970), affd. on other grounds 445 F.2d 985 (10th Cir. 1971).

Petitioners' motions for litigation costs will be denied. As a consequence, we need not reach the further question as to the amount of such costs and their allocation between petitioners.

> *Appropriate orders and decisions will be entered.*