106 T.C. No. 25

UNITED STATES TAX COURT

PAUL FREHE ENTERPRISES, INC., Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22080-91.                    Filed June 13, 1996.

Jack H. Kaufman, for petitioner.

Linda L. Conway and James J. Posedel, for respondent.

        Petitioner moved for award of reasonable
litigation costs in a so-called actuarial case.
Held, respondent's position was substantially
justified.  Held, further, petitioner's motion for
award of reasonable litigation costs is denied.

OPINION

    CLAPP, Judge:  This case is before us on petitioner's Motion
for Award of Reasonable Litigation Costs pursuant to section 7430
and Rules 230 through 232.

After concessions by respondent, we must decide whether respondent's litigating position was "not substantially justified", as that phrase is used in section 7430(c)(4)(A)(i). If that question is resolved in favor of petitioner, then we must decide whether the amount of costs and attorney's fees claimed by petitioner is reasonable.

All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. References to section 7430 are to that section as amended by section 1551 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752 (effective for proceedings commenced after December 31, 1985), and by section 6239 of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743-3746 (effective for proceedings commenced after November 10, 1988).

Section 7430(a) authorizes the Court to award reasonable administrative costs and reasonable litigation costs to taxpayers who prevail against the United States in civil tax litigation. To obtain an award of litigation costs taxpayers must prove that they are the "prevailing party" within the meaning of section 7430(c)(4), which requires, inter alia, that they establish that the Commissioner's position in the proceeding was not substantially justified.

The position taken by the United States, for purposes of administrative costs, refers to the position taken in an

administrative proceeding, determined in this case as of July 22, 1991, the date of the notice of deficiency. Sec. 7430(c)(7)(B)(ii). The position taken by the United States, for purposes of litigation costs, refers to the position of the Unites States in a judicial proceeding. Sec. 7430(c)(7)(A). A judicial proceeding is commenced in this Court with the filing of a petition. Rule 20(a). Generally, the Commissioner takes a position on the date the answer is filed. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144. In order to recover administrative costs and litigation costs, the taxpayer must establish that the position of the United States was not substantially justified both in the administrative and court proceedings. Id. at 1143-1147. It is not entirely clear from petitioner's motion whether petitioner seeks the recovery of reasonable administrative costs. The ambiguity does not change our analysis. Respondent contends, and petitioner does not dispute, that the position taken in her answer, filed November 22, 1991, did not differ from the position taken in the notice of deficiency. In both, respondent maintained that petitioner had not demonstrated entitlement to the deductions for contributions to a qualified retirement plan.

Petitioner's case is one of many so-called actuarial cases which resulted from respondent's actuarial project involving the reasonableness of actuarial assumptions in connection with

deductions for contributions to individual defined benefit pension plans.

Many of the issues raised in petitioner's Motion for Award of Reasonable Litigation Costs were answered by this Court in Price v. Commissioner, 102 T.C. 660, 662-665 (1994), affd. without published opinion sub nom. TSA/Stanford Associates, Inc. v. Commissioner, 77 F.3d 490 (9th Cir. 1996). There is no need to repeat that discussion.

The statutory notice of deficiency in this case was issued by respondent on July 22, 1991. The petition was filed on September 30, 1991. In June of 1995, respondent made a full concession of the underlying actuarial issues. A decision of no deficiency in income tax and no additions to tax was signed by petitioner's counsel on June 29, 1995, and by respondent's counsel on July 13, 1995, and was filed with this Court as a Settlement Stipulation on July 18, 1995.

During this intervening period prior to respondent's concession, the following cases were decided by this Court in favor of the taxpayers and were affirmed by the Courts of Appeals for the Fifth, Second, and Ninth Circuits: Vinson & Elkins v. Commissioner, 99 T.C. 9 (1992), affd. 7 F.3d 1235 (5th Cir. 1993); Wachtell, Lipton, Rosen & Katz v. Commissioner, T.C. Memo. 1992-392, affd. 26 F.3d 291 (2d Cir. 1994); and Citrus Valley Estates v. Commissioner, 99 T.C. 379 (1992), affd. in part and remanded in part 49 F.3d 1410 (9th Cir. 1995). These were

considered the lead actuarial cases.  The parties selected the lead actuarial cases as a group in order to raise all or substantially all issues necessary to resolve the hundreds of actuarial cases pending across the country.  The parties contemplated and understood that the lead actuarial cases were considered a package.  The relevant dates for these cases are as follows:

| | Tax Court Opinion Filed | Tax Court Decision Entered | Appealed by Commissioner | Disposition on Appeal |
|---|---|---|---|---|
| Vinson & Elkins | 7/14/92 | 9/14/92 | 12/10/92 | 11/29/93 |
| Wachtell, Lipton | 7/14/92 | 2/16/93 | 05/12/93 | 06/06/94 |
| Citrus Valley | 9/29/92 | 2/23/93 | 05/19/93 | 03/08/95 |

The District Court for the Western District of Michigan decided the issue of reasonableness of actuarial adjustments in favor of the taxpayers.  Rhoades, McKee & Boer v. United States, 822 F. Supp. 445 (W.D. Mich. 1993), affd. in part and revd. in part and remanded 43 F.3d 1071 (6th Cir. 1995).  On remand, however, the District Court found that the actuarial assumptions used were not reasonable in the aggregate.  Rhoades, McKee & Boer v. United States, 76 AFTR 2d 95-6394, 95-2 USTC par. 50,486 (W.D. Mich. 1995).  We also note that in 1989 the Court of Appeals for the Seventh Circuit found in favor of the Commissioner on similar issues.  Jerome Mirza & Associates, Ltd. v. United States, 882 F.2d 229 (7th Cir. 1989).

Neither the Court of Appeals for the Fifth Circuit's opinion in Vinson & Elkins, nor the Court of Appeals for the Second

Circuit's opinion in <u>Wachtell, Lipton</u> produced well-defined conflicts with the Court of Appeals for the Seventh Circuit's opinion in <u>Jerome Mirza</u>. By May 19, 1993, the Commissioner had appealed <u>Citrus Valley</u>, which presented an acknowledged conflict with the Court of Appeals for the Seventh Circuit's opinion in <u>Jerome Mirza</u>. <u>Citrus Valley</u> also presented issues similar to those decided in <u>Vinson & Elkins</u> and <u>Wachtell, Lipton</u>. Under these circumstances, respondent's decision to await the outcome on appeal of the lead actuarial cases, including <u>Citrus Valley</u>, before settling this case was substantially justified. A failure by the Commissioner or the taxpayers to pursue any of the lead cases to a definitive conclusion would have defeated the purpose of the litigation format.

Our opinion in <u>Citrus Valley Estates v. Commissioner</u>, <u>supra</u>, was affirmed by the Court of Appeals for the Ninth Circuit on March 8, 1995. The period in which the Commissioner might have filed a petition for writ of certiorari did not expire until June 7, 1995. Following the Commissioner's decision not to seek certiorari, a concession letter was sent to petitioner's counsel on June 14, 1995, which resulted in the aforesaid Settlement Stipulation filed July 18, 1995.

Respondent's position with respect to actuarial assumptions in this case was the same as her position in <u>Vinson & Elkins</u>, <u>Wachtell, Lipton</u>, and <u>Citrus Valley</u>. The Commissioner's position had merit and was competently presented at trial and argued on

brief, though ultimately unsuccessful.  Having decided not to apply to the Supreme Court of the United States for certiorari, respondent moved very promptly following the expiration of the time for filing a petition for writ of certiorari to send a letter to petitioner's counsel conceding this case.  In this case, the concession came within a matter of days.  From this Court's firsthand knowledge of the disposition of hundreds of these actuarial cases, it is clear that respondent has moved quickly and with dispatch.  Under these circumstances, a taxpayer would be hard pressed to establish that the Commissioner's litigating position was maintained for an excessive period of time following her decision to concede the actuarial cases and hence was not substantially justified.

It is noted that the settlement in Price v. Commissioner, supra, occurred when the case was called for trial on June 24, 1993.  That date was prior to the affirmances in Vinson & Elkins, Wachtell, Lipton, and Citrus Valley, all of which were decided in favor of the taxpayers.  The decision in Jerome Mirza & Associates, Ltd. v. United States, supra, favoring the Commissioner had been on the books since 1989.  In Price, we said:

> Under the foregoing circumstances, we think it clear that had respondent decided to continue litigating the instant cases to an unsuccessful conclusion on the substantive issue, she would have been justified in so doing at least as long as there was no further definitive action on that issue at the appellate level.  [102 T.C. at 664.]

A final definitive action at the appellate level in the lead actuarial cases occurred on June 7, 1995, when the time expired for filing a petition for writ of certiorari in <u>Citrus Valley</u>. Thus, our discussion above and <u>Price</u> adequately cover the additional actions and nonactions which took place in the 2 years following the date <u>Price</u> was filed, up to the settlement of the present case.

Respondent's position was substantially justified. Petitioner's Motion for Award of Reasonable Litigation Costs will be denied.  We need not reach the further question as to the amount of such costs.

<u>An order denying petitioner's</u> <u>Motion for Award of Reasonable</u> <u>Litigation Costs and a decision in</u> <u>accordance with the settlement</u> <u>stipulation of the parties will be</u> <u>entered</u>.