T.C. Memo. 1999-8

UNITED STATES TAX COURT

GARRY F. BETTENCOURT AND PHYLLIS C. BETTENCOURT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7950-96, 17884-96.      Filed January 19, 1999.

<u>Donald H. Read</u>, for petitioners.

<u>Daniel J. Parent</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  These cases are before the
Court on petitioners' motions for litigation and administrative
costs pursuant to section 7430 and Rules 230, 231 and 232,[1] filed

_____

[1]     Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the years 1993 and
1994.  All Rule references are to the Tax Court Rules of Practice
and Procedure.

May 1, 1997, and October 6, 1997, respectively. Neither party requested a hearing, and we conclude that a hearing is not necessary. Rule 232(a). We decide petitioners' motions on the bases of the motions, the memoranda of law, and the declarations submitted by the parties.

On their 1993 joint Federal income tax return, petitioners deducted $55,200 as alimony payments. On their 1994 joint Federal income tax return, they deducted $27,000 as alimony payments.

On March 13, 1995, respondent wrote to petitioners to inform them that their 1993 return was under examination and requested that they substantiate the claimed alimony deductions and various claimed employee business expenses.

In April 1995, petitioners met with respondent's tax auditor. On May 5, 1995, petitioners submitted to respondent documents substantiating the claimed employee business expenses and those expenses were allowed by respondent. On May 5, 1995, petitioners also provided to respondent documents to support the claimed alimony deduction. Those documents included a copy of a judgment (hereinafter the judgment) dissolving the marriage between petitioner Garry F. Bettencourt (petitioner) and his former spouse, Kim T. Bettencourt, filed in the Superior Court of California, County of Contra Costa (the court) on June 18, 1987. At the same time, there were also provided to respondent a Wage and Earnings Assignment Order re Spousal or Family Support filed

with the Superior Court on August 30, 1991, "Child Support Paid by Garry Bettencourt" summaries for the year 1993, and wage stubs showing amounts paid to petitioner by Medallion Mortgage Company during 1993.

On May 18, 1995, respondent sent petitioners a 30-day letter proposing to disallow the claimed alimony deduction.

In response to the 30-day letter, on June 3, 1995, petitioners' counsel, Mr. Read, mailed to respondent a five page letter protesting respondent's proposed income tax examination changes. He forwarded with his letter a power of attorney, Form 2848, and requested that petitioners' return be accepted as filed. In the event that respondent would not accept the return as filed, Mr. Read requested that his letter be treated as a formal protest and that the matter be referred to the Appeals Office for hearing. By letter dated June 14, 1995, Mr. Read sent to respondent an original Form 2848, signed by petitioners.

On June 27, 1995, respondent sent Mr. Read a letter proposing the same adjustments to petitioners' 1993 return as were proposed in the May 18, 1995, 30-day letter.

During the summer months of 1995, correspondence was exchanged between Mr. Read and respondent through which respondent sought additional information about the alimony issue.

A statutory notice of deficiency for 1993 was mailed to petitioners on February 7, 1996. Petitioners filed their petition in docket No. 7950-96 with the Court on April 26, 1996, and respondent filed an answer on May 21, 1996; the case was then referred to respondent's Appeals Office.

In a letter to Mr. Read dated July 12, 1996, from respondent's Appeals Office, respondent informed Mr. Read that it was thought that the case might be resolved by mail. The letter further read:

> I have a copy of the June 18, 1987 decree issued by Judge Libbey. However, the administrative file did not contain copies of the March 8, 1989 and/or December 22, 1989 modifications as described in your letter of June 3, 1995. Please submit complete copies of these orders as well as any subsequent to the 1989 order (sic). Once I receive the orders, I will call you to discuss my findings.

A letter dated August 6, 1996, from Mr. Read to respondent's Appeals Office reads, in part:

> Thank you for your letter of July 12, 1996. I am pleased to learn that you believe this case can be settled by mail. I would have responded sooner, but I have been on vacation.
>
> I enclose copies of the March 18, 1989 and December 22, 1989 orders you requested. I know of no other orders affecting support that were issued between the December 22, 1989 order and the end of tax year 1993.

In a letter to Mr. Read dated August 13, 1996, respondent's Appeals Office forwarded to Mr. Read a proposed stipulation-decision document in which respondent conceded the case for the year 1993.

In a letter pertaining to their 1994 tax year, respondent forwarded to petitioners a report of examination which disallowed the alimony deduction claimed on their 1994 joint Federal income tax return. Respondent's disallowance of the 1994 claimed alimony deduction mirrored respondent's 1993 disallowance of the similarly claimed alimony deduction.

By letter dated April 11, 1996, respondent asked petitioners to respond to the proposed disallowance of the alimony deductions claimed by petitioners on their 1994 return.

In a letter to respondent dated April 30, 1996, Mr. Read invited respondent's attention to his arguments previously made regarding the identical alimony issue raised regarding petitioners' 1993 tax year and cited to respondent this Court's then recent opinion in Ambrose v. Commissioner, T.C. Memo. 1996-128.

A statutory notice of deficiency for 1994 was mailed to petitioners on May 23, 1996. In response, petitioners timely filed a petition in this Court at docket No. 17884-96, on August 19, 1996. A Stipulation of Settled Issues was filed on April 4, 1997, in which respondent conceded the case.

## Discussion

A taxpayer who substantially prevails in an administrative or court proceeding may be awarded reasonable costs incurred in those proceedings. Sec. 7430(a). To be a "prevailing party", a taxpayer must show that: (1) The position of the United States in the proceeding was not substantially justified,[2] (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or issues

---

[2] Because the petition in docket No. 17884-96 was filed after July 30, 1996, in that case the burden is on respondent to show that the Government's position was substantially justified. Taxpayer Bill of Rights 2 (TBR2), Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996). See Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997). Our holding, however, does not depend on which party has the burden.

presented, and (3) the taxpayer met the net worth requirements of 28 U.S.C., sec. 2412(d)(2)(B) (1994), on the date the petition was filed. Sec. 7430(c)(4)(A). The taxpayer must also show that all administrative remedies have been exhausted (to obtain a judgment for litigation costs), section 7430(b)(1), that the taxpayer has not unreasonably protracted the administrative or judicial proceedings, section 7430(b)(4), redesignated as (b)(3) by the 1996 Act, and that the costs claimed are reasonable in amount, section 7430(c)(1) and (2). These requirements are in the conjunctive and each must be met in order for the Court to determine that administrative or litigation costs should be awarded pursuant to section 7430. Minahan v. Commissioner, 88 T.C. 492 (1987); Renner v. Commissioner, T.C. Memo. 1994-372.

Petitioners contend that they have substantially prevailed with respect to the amounts in controversy and on the most significant issue in these cases. They further contend that they have met the net worth requirements of 28 U.S.C., sec. 2412(d)(2)(B), that they have exhausted the administrative proceedings available to them within the Internal Revenue Service, and that they have not unreasonably protracted the administrative or court proceedings. They also argue that the costs claimed are reasonable.

Respondent agrees that petitioners have substantially prevailed, that they meet the net worth requirements of 28 U.S.C., sec. 2412(d)(2)(B), and that they have not unreasonably protracted the administrative and court proceedings. Respondent

does not agree that his position was not substantially justified, he does not agree that petitioners exhausted the administrative remedies available to them within the Internal Revenue Service, and he does not agree that the costs claimed are reasonable.

We first consider whether respondent's position in each case was substantially justified. For the reasons stated, infra, we find that it was.

Whether respondent's position was substantially justified depends on whether respondent's position and actions were reasonable in light of the facts of the case and applicable precedents. Bragg v. Commissioner, 102 T.C. 715, 716 (1994); Powers v. Commissioner, 100 T.C. 457, 470-471 (1993), affd. in part and revd. and remanded in part 43 F.3d 172 (5th Cir. 1995). The fact that respondent concedes the case is not necessarily indicative that a position is not substantially justified. Price v. Commissioner, 102 T.C. 660, 662-665 (1994), affd. without published opinion sub nom. TSA/THE Stanford Associates, Inc. v. Commissioner, 77 F.3d 490 (9th Cir. 1996). A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Respondent's disallowance of the alimony claimed by petitioners on their 1993 and 1994 returns was predicated upon the provisions of the judgment entered by the court in 1987, dissolving the marriage of petitioner and his former wife, Kim T. Bettencourt. That judgment provided that the legal care, custody

and control of the two minor children born of the marriage, Brandon and Lisa Ann, were awarded to both parents. Physical custody of the children was to be shared by the parents but the primary residence of the children was to be with their mother.

The judgment further provided that petitioner was to pay to Kim T. Bettencourt as and for unallocated family support the sum of $5,000 per month, commencing with the payment due and owing May 1, 1987, and continuing thereafter until the death of either party, Kim T. Bettencourt's remarriage, further order of the court, or June 1, 1994. The judgment further provided:

> Said family support shall be modifiable (and subject to allocation between spousal support and child support) upon motion of either party. Said jurisdiction to modify shall include the jurisdiction to extend the period of family support payments (or spousal support payments) beyond June 1, 1994, conditioned upon Petitioner carrying the burden of demonstrating why she has not become self-supporting and why she is in need of extended support from respondent.

On August 30, 1991, there was filed with the Court a Wage and Earnings Assignment Order addressed to petitioner's employer, Allied Capitol Mortgage Corporation, ordering petitioner's employer to pay to Kim T. Bettencourt from petitioner's earnings, $4,600 per month current spousal or family support.

On May 5, 1995, petitioners submitted to respondent's tax auditor a schedule of payments made to Kim T. Bettencourt during 1993. That schedule is titled: "Child Support Paid by Garry Bettencourt."

On their 1993 return, petitioners claimed an alimony deduction of $55,200. On their 1994 return, they claimed an

- 9 -

alimony deduction of $27,600.  On their 1994 return, petitioners also claimed dependency exemptions for petitioner's minor children and reported on the return that the children lived with petitioners during the entire year 1994.  Respondent's tax auditor had at hand petitioners' 1993 and 1994 returns, and it appeared that there was a reduction in support payments made to Kim T. Bettencourt in 1994.

On July 12, 1996, respondent's  Appeals officer requested that petitioners submit additional information.  On August 8, 1996, petitioners' counsel, Mr. Read, for the first time provided to respondent's Appeals officer the court orders dated March 8, 1989 and December 22, 1989.  Mr. Read also represented to respondent's Appeals officer that, to his knowledge, the court issued no other orders through 1993.  Based upon the information provided by Mr. Read subsequent to the issuance of the notice of deficiency in docket No. 7950-96, respondent's Appeals officer determined that petitioner and Kim T. Bettencourt had not petitioned the Court to allocate the family support payments between child support payments and spousal support and agreed with petitioners that their claimed alimony deductions were allowable.

On the basis of the facts contained in the record, we find and hold that respondent was diligent in examining petitioners' 1993 and 1994 returns, and that at all relevant times respondent's position in the administrative and litigation proceedings was substantially justified.

Because the provisions of section 7430 are conjunctive, Minahan v. Commissioner, 88 T.C. at 497, and because we hold that respondent's position in these cases was substantially justified, we will deny petitioners' motions. We, therefore, need not address respondent's other objections to the motions.

Appropriate orders and decisions will be entered.