T.C. Memo. 1999-33

UNITED STATES TAX COURT

JOSEPH W. EVANS, JR. AND  MILDRED S. EVANS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1673-95.                    Filed February 2, 1999.

Joseph W. Evans, Jr. and Mildred S. Evans, pro sese.

<u>Howard P. Levine</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case is before the Court
on petitioners' Motion for An Award of Reasonable Litigation and
Administrative Costs pursuant to section 7430 and Rules 230, 231
and 232,[1] filed April 11, 1997.  Neither party requested a

_____

[1]     Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the year in issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

hearing, and we conclude that a hearing is not necessary. Rule 232(a)(3). We decide the matter before us based on the record.

In a statutory notice of deficiency dated November 1, 1994, respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $7,888 and an accuracy-related penalty pursuant to section 6662 in the amount of $1,578. In the notice of deficiency, respondent disallowed the following expenses claimed by petitioners on their 1992 return on the ground that petitioners had not substantiated the claimed deductions:

| | | |
|---|---|---|
| Schedule C | Auto expenses* | $7,583 |
| Schedule C | Supplies** | 4,639 |
| Schedule C | Travel | 1,745 |
| Schedule C | Meals and entertainment | 1,289 |
| Schedule E | Expense | 10,908 |
| Schedule E | Depreciation | 4,505 |
| Schedule A | Taxes | 565 |

\* This amount consists of auto expenses of $3,743 from Primerica Schedule C and commissions of $3,840 from the Product Wholesale Distribution Schedule C.

\*\* This amount consists of $2,886 for supplies claimed on the Primerica Schedule C and $1,753 for supplies claimed on Product Wholesale Distribution Schedule C.

Respondent also increased a $5,248 tax on an early distribution reported by petitioners on their return to $6,268, resulting in an upward adjustment of $1,020.

Petitioners timely filed their petition on January 30, 1995, in which they disagreed with each of respondent's above-mentioned adjustments.

After the petition was filed, the case was assigned to an Appeals officer in Tampa, Florida. Because the principal issue

in the case was the substantiation of the claimed expenses, the case was referred back to the Examination Office in Jacksonville, Florida; petitioners then met with one of respondent's auditing agents.  Petitioners presented to respondent's auditing agent various documentation to substantiate some of their claimed Schedule C and E deductions.

By notice dated December 22, 1995, the Court informed the parties that the case was set for trial at the Trial Session of the Court in Jacksonville, Florida, beginning on March 11, 1996.

In a letter to petitioners dated January 26, 1996, respondent's District Counsel informed petitioners, in part:

> From a review of the file, it appears that your case was forwarded to the Jacksonville District to review the documentation that you supplied to support various deductions taken on you [sic] 1992 tax return. It appears that the examiner made the following adjustments to the proposed amounts listed on the notice of deficiency: 1) the tax on premature IRA distribution was increased to $6,268.00 based upon the 10% excise tax penalty on premature IRA distribution, 2) the Schedule C auto expenses were reduced by ½ because you did not verify the business use of your vehicle, 3) the Schedule C travel amounts were disallowed in their entirety as you did not keep adequate records and documentary evidence for business travel away from home, 4) the Schedule C Meals and Entertainment expenses were disallowed as you did not provide records which establish the amount of each expenditure, the date the entertainment took place, location of entertainment; business purpose of entertainment; and business relationship to the person entertained; 5) the Schedule E expenses of $9,250.00 were allowed in accordance with the verification you provided.  Additionally, we have determined that you

are liable for a accuracy related penalty pursuant to I.R.C. § 6662(a) in the amount of $534.00. You had provided documentation regarding these areas and the examiner made adjustments to the amounts listed in the notice of deficiency accordingly. Enclosed please find a Statement of Income Tax Changes prepared on the basis of the amounts allowed by the Examiner in the district. Additionally, we have enclosed a Statement of Account for the tax year 1992.

If you no longer wish to proceed with a trial, I have enclosed a set of decision documents which contain the revised liability determined by the examiner. The amount now determined to be owed is considerably less than the original proposed liability. Please review the Statement of Income Tax Changes and the proposal for settlement. If you agree with the settlement, please sign the original and one copy of the decision and return them in the envelope provided. The third copy is for your file.

If you no [sic] do not wish to settle the case with the amounts determined by the examiner, please contact our office. It is important that we begin the stipulation process soon in order to comply with the Tax Court's rules. In the meantime, we will begin drafting a Stipulation of Facts and will forward it to you for you to review.

The decision document referred to in the aforementioned letter proposed an agreement to a deficiency in tax in the amount of $2,670 and an accuracy-related penalty in the amount of $534.

On February 20, 1996, respondent met with petitioners. On February 21, 1996, petitioner Joe Evans wrote to respondent the following:

Mr. Howard Levine
Attorney-IRS
Box 35027
400 West Bay St.
Jacksonville, Florida 32202

Dear Howard:

Thank you for your courtesy with which you addressed my case in our meeting this Tuesday. I have reviewed the items we discussed and my findings are as follows:

AUTO EXPENSES - As far as I can tell all of these should be legitimate. I have placed a call to Bill Ragsdale to see if he can shed some further light on this and I will advise you accordingly.

COMMISSIONS AND FEES - You are going to review my attachments from the J & R Products checkbook ledger and communicate to me at a later date.

SCHEDULE C SUPPLIES - The $2,886.00 in expenses are all legitimate expenses of which I will be glad to review with you item by item if you need. I did find some additional documentation supporting some of the items.

ADVALOREM TAXES $565.00. It is clear in my checkbook ledger that I made the payments. They were probably for advalorem taxes on the tag renewals. I will need to pursue that with City Hall and see if they have records from 1992.

10% PENALTY ON $10,200.00 of the IRA Equal Payment Plan. You took a copy of my BellSouth manual describing the process. You are to communicate to me on that at a later date.

Please let me know when you are ready to review this further. Also, if we cannot resolve this satisfactorily I definitely want to remove the "S" on that filing in order to preserve my right to appeal. I appreciate you pointing that out to me as I was not aware of the nature of the filing. Thank you for your message on my answering machine clarifying that it was unnecessary to file a trial memo.

By letter dated February 29, 1996, respondent mailed to petitioners proposed stipulations of fact. Respondent's letter read, in part:

> In considering what additional documents would be helpful to resolve these matters, bear in mind that you have to provide to the Court's satisfaction that you paid each of the items disallowed by the Internal Revenue Service and that these represent deductible expenses, that is, that there was a valid business purpose. Generally, source documents such as cancelled checks, invoices and contemporaneously maintained notes will help corroborate oral testimony. Travelling expenses, including meals and lodging while away from home, are subject to a more rigorous substantiation requirement under I.R.C. § 274. These expenses require what is referred to as "adequate records" or by "sufficient evidence corroborating the taxpayers own statement" concerning (1) the amount of the expense; (2) the time and place of the travel; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of persons entertained. I.R.C. § 274(d). To guide you, we have enclosed pertinent excerpts from the I.R.C. § 274 regulations.

> Concerning the proposed 10% tax for the individual retirement account distribution under I.R.C. § 72(t), you are correct in that one of the exceptions is where the distributions are part of a series of substantially equal periodic payments (not less frequently than annually) made over the life expectancy of the employee of the joint lives of the employee and a designated beneficiary. I.R.C. § 72(t)(2)(A)(iv). In order to review this issue, we need documents reflecting the transfer of funds into the Twentieth Century and Donald, Lufkin & Jenrette accounts which established the individual retirement accounts, worksheets that you prepared (or an explanation) concerning your determination of the period over which the periodic payments would be made and the statements reflecting the periodic payments that were made from the date first made to the present. In this regard, please note that under I.R.C. § 72(t)(4), if the distributions are modified in the first five years such that I.R.C. § 72(t)(2)(A)(iv) no longer applies, then the tax (plus interest) retroactively applies. I.R.C. § 72(t)(4)(A). We need to see the documents between 1993 and the present to ensure that the distributions still qualify for the exception. For your consideration, enclosed is a copy of Notice 89-25, 1989-1 C.B. 662 which discusses

the taxation of individual retirement account distributions. Question 12 may be applicable.

We suggest that the parties meet during the week of March 4, 1994 after you have had time to review these materials. The Court requires the parties to be prepared for trial as of 10:00 a.m. on March 11. Mr. Levine is available to meet with you between Monday and Thursday, March 4 through 7. Unfortunately, he will be out of town on Friday, March 8, and will not be available to meet with you on that date.

In paragraphs 5 and 6 of the proposed stipulations,

respondent wrote:

5. The petitioners did not appear to an examination by the Internal Revenue Service. During appellate consideration after this case was docketed, the petitioners presented documentation to the Internal Revenue Service. Based on this documentation, the Internal Revenue Service allowed the following amounts which are conceded for purposes of this case:

**Schedule C - Primerica:**

Automobile expense - $1,872.00 allowed as one-half of the expense claimed on the Primerica Schedule C as what the Internal Revenue Service considered to be a reasonable approximation.

Supplies - $591.00 allowed of the $2,886.00 claimed on the Primerica Schedule C.

**Schedule E:**

Expense - $9,250.00 allowed of the $10,908.00 claimed. The petitioners concede the balance of $1,658.00.

Depreciation - $4,505.00 allowed. The respondent concedes this adjustment in full.

6. The amounts and adjustments that remain in issue are as follows:

**Schedule C:**

Automobile Expense - $1,871.00 for the Primerica Schedule C.

Commissions - $3,840.00 for the product wholesale distribution (J&R products) Schedule C.

Supplies - $2,295.00 for the Primerica Schedule C and $1,753.00 for the product wholesale distribution (J&R products) Schedule C.

Travel - $1,745.00 for the Primerica Schedule C.

Meals & Entertainment - $1,289.00 for the Primerica Schedule C.

Schedule A taxes - $565.00.

On March 7, 1996, petitioners filed a motion to continue this case from March 11, 1996, Jacksonville, trial session. In their motion, petitioners represented to the Court, inter alia:

2. The Petitioners have attended two pre-trial meetings with Mr. Howard P. Levine, Senior Attorney with the District Counsel and have been trying in a timely manner to agree on the "stipulations of facts." Mr. Levine has insinuated several times that the case may be resolved without trial.

3. During the second conference on March 5, 1996, there were obviously several areas in which Petitioners and the Respondents disagree. Millie and I as Petitioners, believe that our documentation is sufficient (according to the tax code) to prove the claims we made on the return. However the Respondents will not accept our current documentation as sufficient proof. We need more time to obtain affidavits and subpoena witnesses, to provide sworn testimony regarding our claims. We also need time to secure copies of canceled checks, copies of invoices, and other records which can be obtained with some effort, but it will take more time.

At the call of the calendar of the March 11, 1996, Jacksonville, trial session, the Court granted petitioners' motion to continue, filed March 7, 1996. After the case was continued, respondent by letter dated April 9, 1996, asked petitioners for additional information to substantiate the disallowed deductions still in issue.

By letter to petitioner, Joseph Evans, Jr., dated June 26, 1996, respondent acknowledged having received various and sundry documents from petitioner in response to his letter of April 9, 1996.

By notice dated November 14, 1996, the Court informed the parties that the case was set for trial at the trial session of the Court in Jacksonville, Florida, beginning on January 30, 1997.

The parties met again on December 20, 1996, and subsequently agreed to settle the case.

At the call of the calendar of the Jacksonville trial session on January 30, 1997, the parties handed up to the Court a decision document that was subsequently filed as a Stipulation of Settlement on April 11, 1997.

### Discussion

A taxpayer who substantially prevails in an administrative or court proceeding may be awarded reasonable costs incurred in those proceedings. Sec. 7430(a). To be a "prevailing party", a taxpayer must show that: (1) The position of the United States in the proceeding was not substantially justified, (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or issues presented, and (3) the taxpayer met the net worth requirements of 28 U.S.C., sec. 2412(d)(2)(B) (1994), on the date the petition was filed. Sec. 7430(c)(4)(A). The taxpayer must also show that all administrative remedies have been exhausted (to obtain a

judgment for litigation costs), sec. 7430(b)(1), that the taxpayer has not unreasonably protracted the administrative or judicial proceedings, sec. 7430(b)(4), redesignated as (b)(3) by the 1996 Act, and that the costs claimed are reasonable in amount, sec. 7430(c)(1) and (2).  These requirements are in the conjunctive and each must be met in order for the Court to determine that administrative or litigation costs should be awarded pursuant to section 7430.  Minahan v. Commissioner, 88 T.C. 492 (1987); Renner v. Commissioner, T.C. Memo. 1994-372.

Petitioners contend that they have substantially prevailed with respect to the amounts in controversy and on the most significant issue in this case.  They further contend that they have met the net worth requirements of 28 U.S.C., sec. 2412(d)(2)(B), that they have exhausted the administrative proceedings available to them within the Internal Revenue Service, and that they have not unreasonably protracted the administrative or court proceedings.  They also argue that the costs claimed are reasonable.

Respondent agrees that petitioners have substantially prevailed, that they meet the net worth requirements of 28 U.S.C., sec. 2412(d)(2)(B), and that they have exhausted the administrative remedies available to them with the Internal Revenue Service.  Respondent does not agree that his position was not substantially justified, he does not agree that petitioners did not unreasonably protract the litigation, and he does not agree that the costs claimed are reasonable.

We first consider whether respondent's position was substantially justified. For the reasons stated, infra, we find that it was.

Whether respondent's position was substantially justified depends on whether respondent's position and actions were reasonable in light of the facts of the case and applicable precedents. Bragg v. Commissioner, 102 T.C. 715, 716 (1994); Powers v. Commissioner, 100 T.C. 457, 470-471 (1993), affd. in part and revd. and remanded in part 43 F.3d 172 (5th Cir. 1995). The fact that respondent concedes the case is not necessarily indicative that a position is not substantially justified. Price v. Commissioner, 102 T.C. 660, 662-665 (1994), affd. without published opinion sub nom. TSA/THE Stanford Associates, Inc. v. Commissioner, 77 F.3d 490 (9th Cir. 1996). A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Petitioners did not meet with respondent's auditing agent at any time during the examination of their 1992 Federal income tax return.

The principal issue in this case is one of substantiation. Subsequent to the filing of the petition in this case on January 30, 1995, the parties diligently communicated with each other to resolve the substantiation issue. We have set forth those continuing communications supra. As soon as petitioners submitted to respondent documentation to support their claimed

deductions, respondent conceded those issues for which adequate substantiation was provided.

On the basis of the facts contained in the record, we find and hold that respondent exercised due diligence in the examination of petitioners' 1992 return and that at all relevant times respondent's position in the administrative and litigation proceedings was substantially justified.

Because the provisions of section 7430 are conjunctive, <u>Minahan v. Commissioner</u>, 88 T.C. at 497, and because we hold that respondent's position in this case was substantially justified, we will deny petitioners' motion.  We, therefore, need not address respondent's other objections to the motion.

<u>An appropriate order and</u>

<u>decision will be entered</u>.