T.C. Memo. 1999-55


UNITED STATES TAX COURT


DARL N. AND BONNIE S. MILLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4420-97.                    Filed February 26, 1999.


<u>David P. Leeper</u>, for petitioners.

<u>Gerald L. Brantley</u>, for respondent.


MEMORANDUM OPINION


DINAN, <u>Special Trial Judge</u>:  This case is before the Court on

petitioners' motion for award of reasonable litigation costs

pursuant to section 7430 and Rules 230, 231, and 232,[1] filed

October 1, 1997.  Petitioners did not request a hearing.  In his

notice of objection to petitioners' motion for costs, filed by

---

[1]     Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the year 1993.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

respondent on January 5, 1998, respondent requested a hearing in this matter.  We conclude that a hearing is not necessary.  We decide petitioners' motion based on the record.  The record consists of petitioners' motion for costs with attached affidavits, respondent's notice of objection to petitioners' motion for costs, and the uncontroverted statements by the parties as contained in the aforementioned documents.

On their 1993 joint Federal income tax return, petitioners claimed, inter alia, itemized deductions of $36,594, an advertising deduction on Schedule C2 of $43,362 and other Schedule C expenses in the amount of $100,362.  The $100,362 claimed expenses consist of:

| | | |
|---|---|---|
| 1. | Credit Reports #6064 | $28,610 |
| 2. | Business Development #6073 | 20,932 |
| 3. | Loan Costs #6067 | 24,706 |
| 4. | Contract Labor #6068 | 13,228 |
| 5. | Costs of Funds #6079 | 12,886 |
| | | 100,362 |

Upon audit of petitioners' 1993 return, respondent determined the following adjustments as stated in the statutory notice of deficiency:

Because petitioners' adjusted gross income for 1993 exceeded $100,000 respondent reduced petitioners' itemized deductions in the amount of $624.

The amount claimed by petitioners as advertising expense on Schedule C2 of their return in the amount of $43,362 was reduced in the amount of $2,925 because it was determined that the $2,925 was either a personal expense and/or was not an ordinary and necessary business expense.

The amount claimed by petitioners as a credits report deduction on Schedule C2 of their return in the amount of $28,610 was reduced to the amount of $25,283 because the amounts disallowed were determined to be nondeductible and/or personal in nature.

The amount claimed by petitioners for business development on Schedule C2 of their return in the amount of $20,932 was disallowed because that amount was determined to be a personal expenditure.

The amount claimed by petitioners as cost of loans on Schedule C2 of their return, in the amount of $24,706 was reduced to $8,579. The amount disallowed ($16,127) was determined to be nondeductible and/or personal in nature.

The amount claimed by petitioners for contract labor on Schedule C2 of their return, in the amount of $13,228 was reduced to $11,920 because the amount disallowed ($1,308) was determined to be personal in nature.

The amount claimed by petitioners for costs of funds on Schedule C2 of their return in the amount of $12,886 was disallowed because the amount claimed was determined to be loan payments and/or other nondeductible items.

In a report dated October 25, 1996, respondent's examining agent noted that petitioners' accountant had prepared a general ledger for 1993 from information provided by petitioners. Upon examining the various accounts contained in the ledger, the examining agent opined that a number of

items in the ledger appeared to be nondeductible and/or personal in nature. Petitioner was reluctant to provide any information beyond what was contained in the ledger on the ground that, since the items appeared in a ledger, they were necessarily correct and further verification should be unnecessary. Petitioners would not sign a Form 872 to extend the statute of limitations, and the case was forwarded for the issuance of a statutory notice of deficiency.

The notice of deficiency was mailed to petitioners on December 12, 1996. The petition, consisting of seventy-seven (77) paragraphs, most of which alleged "evidentiary facts", was filed on March 7, 1997. Respondent's answer was filed on March 31, 1997.

By letter dated June 20, 1997, to petitioners' attorney, David P. Leeper, respondent's appeals officer informed Mr. Leeper as follows:

Dear Mr. Leeper:

I have reviewed the examiner's workpapers that were prepared in connection with the examination of the Millers' tax returns for 1993. Based on these workpapers, many of the expenses disallowed were for lack of substantiation by the taxpayer.

The following information is need [sic] to help resolve these issues at our scheduled appeals conference:

1. A list of the recipients of the various statuettes deducted as advertising expense. This list should include the location and approximate dates the items were placed.

2. Copies of invoices for credit reports from SARMA and any other reporting services that total $25,283 for 1993.

3. Invoices to substantiate Business Development expense of $20,932 less the $5,000 loan payment that the taxpayer included in this account. The examiner has allowed 60% based on an estimate because the taxpayer did not provide substantiation during the examination. Since this is not acceptable to the taxpayer, the full amount needs to be verified.

4. Invoices for $1,417.84 from American Express and $1,000 from Centurion deducted as a cost of loans.

5. Invoices from The Platinum Card for $760.47 and $348.00 that was deducted as labor costs.

6. Invoices or other substantiation for the $7,296.29 deducted as cost of funds.

Thanks for your cooperation.

By letter dated July 9, 1997, Mr. Leeper responded to the appeals officer's letter of June 20, 1997, and provided to respondent the requested documentation, including those invoices showing payments to "Sarma".

On July 22, 1997, within 2 weeks from having received the substantiation from Mr. Leeper that was requested by respondent, the appeals officer forwarded to Mr. Leeper a proposed stipulation and decision document. On October 1, 1997, the parties filed a stipulation of settlement in this case.

## Discussion

A taxpayer who substantially prevails in an administrative or court proceeding may be awarded reasonable costs incurred in those proceedings. Sec. 7430(a). In order to determine that the taxpayer was a "prevailing party", it must be shown that: (1) The position of the United States in the proceeding was not substantially justified,[2] (2) the taxpayer substantially prevailed with respect to either the amount in controversy or the most significant issue or issues presented, and (3) the taxpayer met the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (1994), on the date the petition was filed. Sec. 7430(c)(4)(A). The taxpayer must also show that all administrative remedies have been exhausted (to obtain a judgment for litigation costs), section 7430(b)(1), that the taxpayer has not unreasonably protracted the administrative or judicial proceedings, section 7430(b)(4), redesignated as (b)(3) by the 1996 Act, and that the costs claimed are reasonable in amount, section 7430(c)(1) and (2). These requirements are in the conjunctive and each must be met in order for the Court to determine that administrative or litigation costs should be awarded pursuant

---

[2] Because the petition was filed after July 30, 1996, the burden is on respondent to show that the Government's position was substantially justified. Taxpayer Bill of Rights 2, Pub. L. 104-168, secs. 701-704, 110 Stat. 1452, 1463-1464 (1996). See Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997). Our holding, however, does not depend on which party has the burden.

to section 7430.  Minahan v. Commissioner, 88 T.C. 492 (1987);
Renner v. Commissioner, T.C. Memo. 1994-372.

Petitioners contend that they have substantially
prevailed with respect to the amounts in controversy and on
the most significant issue in these cases.  They further
contend that they have met the net worth requirements of 28
U.S.C., sec. 2412(d)(2)(B), that they have exhausted the
administrative proceedings available to them within the
Internal Revenue Service, and that they have not unreasonably
protracted the administrative or court proceedings.  They also
argue that the costs claimed are reasonable.

Respondent denies that petitioners have substantially
prevailed with respect to the amounts in controversy and on
the most significant issue in this case.  Respondent admits
that petitioner, Darl N. Miller, meets the net worth
requirements but denies that petitioner Bonnie S. Miller has
shown that she meets the net worth requirements.  Respondent
alleges that because petitioners failed to provide relevant
information to the examining agent so that a 30-day letter
could be issued, petitioners failed to exhaust their
administrative remedies.  Respondent further alleges that by
failing to submit relevant information requested by the
examining agent at the administrative level, before the
issuance of the statutory notice of deficiency, petitioners
unreasonably protracted the proceedings in this case.

Finally, respondent does not agree that the claimed costs are reasonable.

We first consider whether respondent's position in this case was substantially justified. For the reasons stated, infra, we find that it was.

Whether respondent's position was substantially justified depends on whether respondent's position and actions were reasonable in light of the facts of the case and applicable precedents. Bragg v. Commissioner, 102 T.C. 715, 716 (1994); Powers v. Commissioner, 100 T.C. 457, 470-471 (1993), affd. in part and revd. and remanded in part 43 F.3d 172 (5th Cir. 1995). The fact that respondent concedes a part of the case is not necessarily indicative that a position is not substantially justified. Price v. Commissioner, 102 T.C. 660, 662-665 (1994), affd. without published opinion sub nom. TSA/THE Stanford Associates, Inc. v. Commissioner, 77 F.3d 490 (9th Cir. 1996). A position is "substantially justified" when it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The principal issue in this case is one of substantiation. At the administrative level, petitioners were reluctant to provide to respondent's examining agent substantiation of their claimed expenses other than the ledger prepared by their accountant based upon unsubstantiated information they had provided to him.

The petition was filed in this case on March 7, 1997; the answer was filed on March 31, 1997. By letter dated June 20, 1997, respondent's appeals officer requested of petitioners' counsel, Mr. Leeper, various documents to substantiate various claimed deductions that had not previously been provided to respondent.

Mr. Leeper provided the requested substantiating documentation to respondent's appeals officer on July 9, 1997.

On July 22, 1997, within 2 weeks from having received from Mr. Leeper the requested substantiating documentation, respondent forwarded to Mr. Leeper a proposed settlement of the case.

On the basis of the facts contained in the record, we find and hold that at all relevant times respondent's position in the administrative and litigation proceedings in this case was substantially justified.

Because the provisions of section 7430 are conjunctive, Minahan v. Commissioner, 88 T.C. at 497, and because we hold that respondent's position in this case was at all relevant times substantially justified, we will deny petitioners' motion. We, therefore, need not address respondent's other objections to the motion.

> An appropriate order and
> decision will be entered.